ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JUL 2 2 2010

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Charles Whitehead Jr.<br>176 Sams Dr<br>Fayetteville, GA 30214<br><br>Plaintiff,<br><br>v.<br><br>Niagara Credit Solutions, Inc<br>525 Delaware Ave<br>Buffalo, NY 14202<br><br>Defendant. | Case No.:<br><br>Judge:<br><br>COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY, AND OTHER EQUITABLE RELIEF<br><br>1:10-CV-2308<br><br>JURY DEMAND ENDORSED HEREIN |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692 and under the doctrine of Supplemental Jurisdiction pursuant to 28 U.S.C. §1367(a). Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## FACTS COMMON TO ALL COUNTS

2. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

3. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

4. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

5. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

7. In or around May 2010, Defendant telephoned Plaintiff's father ("Father") on numerous occasions using an automated dialing system.

8. During these communications, Defendant prompted Father to press 2 if Defendant had reached the wrong number.

9. During these communications, Father pressed 2 to notify Defendant that it was calling the wrong number.

10. Despite having notice, Defendant telephoned Father several times thereafter.

11. Despite having notice, on or around May 24, 2010, Defendant telephoned Father.

12. During this communication, Father pressed 1 to speak to Defendant's representative.

13. During this communication, Father notified Defendant that Defendant could not reach Plaintiff at Father's residence, and requested that Defendant cease further telephone calls to Father regarding Plaintiff's debt.

14. During this communication, Defendant disclosed the existence, nature, and/or amount of the debt to Father.

15. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

16. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

17. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

18. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party and disclosed that Plaintiff owed the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. Defendant violated 15 U.S.C. §1692c in that it communicated with a third party more than once and is without justification for multiple contacts.

## COUNT FOUR

### Invasion of Privacy by Public Disclosure of a Private Fact

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. Defendant released information which was private to Plaintiff and concerned Plaintiff's private life to Plaintiff's father.

25. Defendant's disclosure of Plaintiff's debt to this person is highly offensive.

26. The information disclosed is not of legitimate concern to the public.

## COUNT FIVE

### Invasion of Privacy by Intrusion upon Seclusion

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant intentionally interfered, physically or otherwise, with Plaintiff's solitude, seclusion, and or private concerns.

29. Defendant intentionally caused harm to Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

30. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

31. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

32. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial.

## JURY DEMAND

33. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

34. Plaintiff prays for the following relief:

   a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

   b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

   c. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Public Disclosure of a Private Fact.

   d. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, PC

By: /s/ E. Berk Sauls
E. Berk Sauls, Esq. (Bar No. 627059)
225 Peachtree Street, Suite 1625
Atlanta, GA 30303
Tel: 1.866.339.1156
Fax: 1.312.822.1064
ebs@legalhelpers.com
*Attorney for Plaintiff*